# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ERNEST JOHNSON,

Defendant-Appellant.

UNPUBLISHED
May 10, 2018

No. 334636
Wayne Circuit Court
LC No. 16-003296-01-FH

AFTER REMAND

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

After defendant's initial appeal, we remanded this matter to the trial court for an articulation of its reasons for imposing a consecutive sentence. See *People v Johnson*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2017 (Docket No. 334636), p 1. We now affirm.

Defendant was convicted of first-degree home invasion, MCL 750.110a(2), larceny in a building, MCL 750.360, larceny of personal property valued at $1000 or more, but less than $20,000, MCL 750.356(3)(a), and larceny of a firearm, MCL 750.357b. His sentence for first-degree home invasion was to be served prior to and consecutive to his other sentences, which were to be served concurrently. On remand, the trial court entered an order articulating its reasons for imposing the consecutive sentence:

> Home invasion is a crime appropriately named. It invades the peace, security and safety of the victim, the victim's family and can impact a neighborhood. In the present case, [defendant] and his co-defendant committed the crime in broad daylight.

> Among the items taken, in addition to items of jewelry, was a firearm. Defendant Johnson's aiding and abetting in the taking of a deadly weapon further increased the potential for danger to the community.

> Consecutive sentencing to protect the community, as much as possible, was particularly appropriate given defendant Johnson's criminal history. [Defendant] was previously sent to prison for armed robbery. While in prison, he

-1-

accumulated 17 major misconducts. This behavior indicates [defendant] will not comply with laws or rules whether he is inside or outside of prison.

When defendant Johnson was paroled on the armed robbery charge, he committed another felony and was returned to prison. When he was paroled a second time, he committed the present crimes.

This court believes defendant Johnson is a dangerous recidivist who has consistently refused to comply with the law. This refusal puts innocent victims at risk.

Defendant argues after remand that the trial court still failed to articulate why the consecutive sentencing in this case differed in nature from other defendants who have committed first-degree home invasion. We disagree.

The trial court provided numerous reasons why consecutive sentencing was warranted: (1) defendant acted brazenly, committing the crime in broad daylight; (2) defendant aided in the theft of a dangerous weapon; (3) defendant accumulated 17 major misconducts while he was imprisoned for a previous armed robbery conviction; and (4) defendant, through his various criminal activities, proved he is a danger to the public. The trial court referenced the specific offense—first-degree home invasion—and it provided multiple particularized reasons for the sentence as required under *People v Norfleet*, 317 Mich App 649, 666; 897 NW2d 195 (2016). Therefore, the trial court did not abuse its discretion when it imposed the consecutive sentence. *Id*. at 654.

As a final point, defendant takes issue with the fact that the trial court's order on remand includes the same reasoning that was articulated on the record at the initial sentencing hearing. Defendant misinterprets our prior decision. At sentencing, the trial court provided its rationale for imposing defendant's term of imprisonment, i.e., the sentence. However, the trial court did not indicate that its rationale for imposing the sentence also included its reasons for making the first-degree home invasion sentence consecutive to the other sentences. Because the trial court has now provided a connection between that rationale and the imposition of a consecutive sentence, we do not detect any error.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron